STATE OF MINNESOTA )
                    ) ss.
COUNTY OF RAMSEY    )

1.  I am employed by the Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and have been so employed since April 2025. I have successfully completed approximately 650 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training in conducting complex investigations across a wide range of criminal statutes. Since completing initial law enforcement training in December of 2025, I have conducted and assisted in federal fraud investigations. Prior to my tenure as a Special Agent, I served as an active-duty Marine in the United States Marine Corps, holding multiple military occupational specialties, with my most recent assignment as a Counterintelligence and Human Intelligence Specialist. In this capacity, I was responsible for gathering actionable intelligence, conducting surveillance operations, and interviewing subjects.

2.  This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Jose Roberto RAMIREZ ("RAMIREZ") (DOB: XX/XX/2005) for forcibly assaulting, resisting, or impeding certain officers', a violation of Title 18, United States Code, Section 111(a).

3. This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings at the time of writing of this affidavit. This affidavit does not include all of the details I have learned regarding this investigation. Rather, it only includes information believed to be sufficient to establish probable cause.

## PROBABLE CAUSE

4. On January 8, 2026, an Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Deportation Officer (DO) (the "Victim DO") was surveiling a residence in Minneapolis in order to conduct a targeted arrest of an Ecuadorean national with a criminal history including aggravated assault and DUI. Outside the residence, two males were sitting in a running vehicle. Officers attempted to conduct an immigration inspection of the two males in the vehicle. After the agents identified themselves as law enforcement, the two males exited the parked vehicle and fled on foot. One of the subjects from the vehicle entered the target residence.

5. The agents split to pursue both subjects, who fled. The Victim DO left the target residence to pursue one subject at a local business. Agents were not able to interview that subject, and the Victim DO returned to the target residence.

6. Outside the target residence, there was a white BMW sedan. A

Hispanic male, later identified as RAMIREZ, was sitting in the sedan. From outside the sedan, RAMIREZ appeared to the Victim DO to match the description of the target subject. As officers approached, the BMW drove away quickly from the target residence.

7. Given that RAMIREZ matched the description of the target subject, was outside the target residence, that a subject matching the target's description had earlier fled inside the target residence, and that RAMIREZ drove quickly away from the residence when the Victim DO approached, the Victim DO activated his vehicle's emergency lights to a traffic stop of the BMW in order to conduct an immigration inspection on RAMIREZ.

8. RAMIREZ refused to stop. He drove erratically, proceeding through multiple red lights. RAMIREZ ultimately parked in a parking lot in Robbinsdale, MN.

9. The Victim DO and other officers approached RAMIREZ. The Victim DO told RAMIREZ to turn off and exit the BMW. RAMIREZ did not comply. Instead, RAMIREZ stayed in the BMW and filmed officers with his phone.

10. A second vehicle arrived, driven by an unknown member of the public. RAMIREZ got out of the BMW and got into that second vehicle. The Victim DO then approached that vehicle on foot to conduct an immigration inspection of RAMIREZ.

11. Again, the Victim DO gave commands to RAMIREZ. He told him to show his hands, keep his hands on the dashboard, and show identification. RAMIREZ did not comply, but continued to reach around the car. RAMIREZ continued to record the Victim DO.

12. RAMIREZ then moved his phone towards the Victim DO's face, very close to the Victim DO's eyes. The Victim DO used his hand to swat the phone away. The phone fell out of RAMIREZ's hand.

13. The Victim DO stated that RAMIREZ cursed at the Victim DO and struck the Victim DO on the right eye with a closed fist.

14. Your Affiant reviewed dashboard camera video from a local police officer present at the scene. In the video, Your Affiant observed a punch to the Victim DO's face thrown from the passenger side of the target vehicle.

15. The Victim DO then attempted to arrest RAMIREZ. RAMIREZ lowered himself in his seat and refused to get out of the car. RAMIREZ eventually complied, and officers arrested him. Once officers confirmed his identity, they were able to confirm that RAMIREZ was not the initial target subject.

16. After the encounter, RAMIREZ was arrested for violation of 18 USC 111, and transported to the Whipple Federal Building for processing.

17. During a Post-Miranda interview, RAMIREZ stated that he "shoved" the Victim DO.

## CONCLUSION

18.  Based on the information set forth above, there is probable cause to believe that the Defendant, Jose Roberto RAMIREZ, violated Title 18, United States Code, Section 111, by forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person designated in section 1114.

Further your Affiant sayeth not.

Tori R. Jones
Special Agent, HSI

SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
January 21, 2026

DOUGLAS L. MICKO
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA