UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-45 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| vs. | ) | **SUPPRESS EVIDENCE** |
| | ) | **OBTAINED DUE TO UNLAWFUL** |
| JOSE ROBERTO RAMIREZ　　, | ) | **SEARCH AND SEIZURE** |
| | ) | |
| Defendant. | ) | |

Defendant Jose Roberto Ramirez, through undersigned counsel, hereby moves the Court for an Order suppressing evidence seized pursuant the unlawful stop, and warrantless detention and arrest of Mr. Ramirez in Minneapolis and Robbinsdale, Minnesota on January 8, 2026. The grounds for this motion are that the ICE agents who pursued, stopped, and assaulted Mr. Ramirez in his vehicle before arresting him lacked any probable cause to believe that Mr. Ramirez had committed a criminal offense, or to the extent it is arguably relevant, an immigration offense.[1]  "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Gerstein v. Pugh, 420 U.S. 103, 111-112, 420 U.S. 103 (1975)(quoting Beck v.

---

[1]  The "reasonable suspicion" standard that would normally apply to traffic stops by law enforcement agents is inapplicable in the instant case. The ICE agents did not have jurisdiction to enforce traffic or criminal laws, and were not claiming to be doing so. However, even if the reasonable suspicion standard were applied, agents did not have evidence to meet that threshold.

Ohio, 379 U.S. 89, 91, 379 U.S. 89 (1964)). It requires "more than a reasonable, articulable suspicion that a person committed a crime." Bell v. Neukirch, 979 F.3d 594, 603 (8th Cir. 2020). There must be a "fair probability" or "substantial chance" that the person has committed an offense. Illinois v. Gates, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

The standard for probable cause cannot be met with respect to the stop, detention and arrest of Mr. Ramirez. There is no allegation in any government disclosure that Mr. Ramirez was committing any crime prior to the stop. ICE agents claimed that they were looking for a "criminal alien" with a final order of removal. There was no basis to believe that Mr. Ramirez was that "criminal alien."  Mr. Ramirez is a United States Citizen who was born in the United States. Indeed, he is of Native American ancestry so his genealogical ties to this land predate the existence of the United States. There is no evidence presented to remotely justify a stop and detention of Mr. Ramirez. The overriding basis for the ICE agents' decision to intrude on Mr. Ramirez was the most common reason for ICE seizures during the federal invasion of the Twin Cities area: Mr. Ramirez's racial appearance. Specifically he appears to be Latino. The seizure of Mr. Ramirez therefore violated not only the Fourth Amendment prohibition on unreasonable searches and seizures, but also the Fourteenth Amendments guarantee of equal protection of the laws.

The evidence unlawfully obtained includes the identification of Mr. Ramirez, and items taken from him, and the unjustified allegations that he obstructed impeded or assaulted officers during the unlawful stop and detention.

This motion is based on all files, records, proceedings, arguments of counsel, and any evidence presented at the hearing on this motion.

Dated:  March 27, 2026                                LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
JORDAN S. KUSHNER
Attorney ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545
jskushner@gmail.com