UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-45 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| vs. | ) | **DISMISS CHARGE FOR** |
| | ) | **OUTRAGEOUS GOVERNMENT** |
| JOSE ROBERTO RAMIREZ , | ) | **CONDUCT AND FOR** |
| | ) | **EVIDENTIARY HEARING** |
| Defendant. | ) | |

Defendant Jose Roberto Ramirez, through undersigned counsel, hereby moves the Court for an Order dismissing the Information against Mr. Ramirez with prejudice on the grounds that the government engaged on severe misconduct that violated his right to due process. Mr. Ramirez requests an evidentiary hearing to enable to the development of a complete factual record relating to the government's misconduct.

The government's pursuit, detention and arrest of Mr. Ramirez were part of the federal invasion of the Twin Cities area earlier this year where thousands of ICE, CBP and other federal agents terrorized residents under the guise of removing immigrants who were in this country illegally and who had committed serious crimes. Mr. Ramirez was one of hundreds if not thousands of people whom agents singled out without any substantive grounds to believe that he was not legally in the United States, and most commonly singled them out based on their racial or ethnic appearance. Indeed, Mr. Ramirez is a United States citizen based on his having born in this country, and is of

Native American ancestry. Based on his Native American and Latino origins, he is brown-skinned and was racially profiled by agents.

According to disclosure by the government, ICE agents on January 8, 2026 were looking for a "criminal alien" from Ecuador with a removal order, but had no rational basis to conclude that Mr. Ramirez was the person they were looking for. The only commonality was that he was around the location where agents believe their target was located, and his racial appearance. There was no remotely meaningful identification. ICE agents nevertheless chased Mr. Ramirez in his vehicle in unmarked vehicles without identifying themselves. After Mr. Ramirez stopped, agents approached his vehicle, and without identifying themselves, reached inside and violently grabbed his cell phone, and then violently and assaultively removed Mr. Ramirez from the vehicle.  Based on Mr. Ramirez's alleged resistance to being kidnaped and agents' other criminal actions, the government has charged Mr. Ramirez with a criminal offense.

Government conduct that is "so outrageous and shocking that it exceeds the bounds of fundamental fairness may violate the [Fifth Amendment] Due Process clause and bar a subsequent prosecution." United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (internal quotations omitted). "Whereas the defense of entrapment focuses on the predisposition of the defendant to commit the crime, the defense of outrageous government conduct focuses on the government's actions." United States v. Combs, 827 F.3d 790, 794 (8th Cir. 2016) (internal quotation omitted). The outrageous government

conduct defense applies "[w]here the government essentially generates a new crime for the purpose of prosecuting it or induces a defendant to become involved for the first time in certain criminal activity, as opposed to merely interposing itself in an ongoing criminal enterprise. United States v. Mosley, 965 F.2d 906, 911 (10th Cir. 1992) (citing cases); see also United States v. Boone, 437 F.3d 829, 842 (8th Cir. 2006) (the defense applies "where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity.")

Where a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions," the district court should hold an evidentiary hearing to develop the facts relevant to the defendant's defense of outrageous government misconduct. United States v. Valona, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998)); see also United States v. Augustine Med. Inc., CRIM.03-321, 2004 WL 502183, at *1 (D. Minn. Mar. 11, 2004)  (the Court held an evidentiary hearing on defendants' motion to dismiss alleging outrageous government conduct).

A motion to dismiss based on outrageous government misconduct must be made under Rule 12(b)(3) as a pretrial motion. United States v. Warren, 788 F.3d 805, 811 (8th Cir. 2015).

There are multiple facts which raise significant doubt about the propriety of the government's actions, thereby justifying an evidentiary hearing on the instant motion.

Federal agents stopped and detained Mr. Ramirez when he had not committed any crime. They claimed to believe he was illegally in this country but Mr. Ramirez is a United States citizen. There was no commonality between him and the agents' purported target other than possibly his racial appearance. Agents then violently and brutally seized Mr. Ramirez. All of these violations of Mr. Ramirez's Fourth and Fourteenth Amendment Rights are outrageous on their own or in combination. The actions are even more outrageous because they part of a larger deliberate operation by the federal government to engage in a racist and fascist campaign of terror against the people of Minnesota.

This motion is based on all files, records, proceedings, arguments of counsel, and any evidence presented at the hearing on this motion.

Dated:  March 27, 2026                                    LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
JORDAN S. KUSHNER
Attorney ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545
jskushner@gmail.com