UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-45 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| vs. | ) | **DISQUALIFY GOVERNMENT'S** |
| | ) | **COUNSEL** |
| JOSE ROBERTO RAMIREZ , | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Jose Roberto Ramirez, through undersigned counsel, hereby moves the

Court for an Order to strike the appearance of and disqualify the government's counsel

Michael Hakes-Rodriquez, and preclude his further participation in this case. Mr. Hakes-

Rodriguez is a U.S. Army Judge Advocate for the United States Army, and U.S. military

lawyers are prohibited from performing civilian law enforcement under the Posse

Comitatus Act.

The Posse Comitatus Act provides: "[w]hoever, except in cases and under

circumstances expressly authorized by the Constitution or Act of Congress, willfully uses

any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a

posse comitatus or otherwise to execute the laws shall be fined under this title or

imprisoned not more than two years, or both." 18 U.S.C.S § 1385. It is "clear from the

legislative history" of 18 U.S.C. § 1385, by enacting this statute and by using the clause

"uses any part of the Army or the Air Force as a posse comitatus or otherwise" Congress

intended to prevent the use of federal troops to participate in domestic law enforcement. United States v. Red Feather, 392 F. Supp. 916, 923 (D.S.D. 1975).

The Posse Comitatus Act forbids the direct, active use of troops against civilians. Id. at 922. The Act does not prohibit the military from engaging in passive roles which might indirectly aid law enforcement, however. Id. at 925 (emphasis in original). Such passive and indirect activities may include: military personnel providing advice or recommendations to civilian law enforcement officers on tactics or logistics; military personnel delivering military material, equipment, or supplies, and training local law enforcement officials on the proper use and care of such material, equipment, or supplies; preparing contingency plans to be used if military intervention is ordered; and other like activities. Id.

On February 27, 2013, the DoD issued its Instruction 3025.21, which delineates, among other things, the participation of DoD personnel in civilian law enforcement activities. It lists the "permissible direct assistance" with civilian law enforcement allowed under the Posse Comitatus Act. See Instruction 3025.1, Enclosure 3. None of these permissible areas of assistance include federal criminal prosecutions of the type brought here.

On March 5, 2020, the Department of Defense issued DoD Instruction 5525.07 titled, "Implementation of the Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes"

which established an understanding between the Department of Defense and Department of Justice regarding prosecuting individuals in matters where both agencies have jurisdiction over the underlying matter. In those matters, the Department of Justice may designate Department of Defense attorneys as Special Assistant United States Attorneys ("SAUSA"). Id. Importantly, there is no provision authorizing Department of Defense attorneys as SAUSAs where the Department of Defense lacks jurisdiction. Id. This omission is intentional. The Departments of Defense and Justice recognize that using military attorneys to prosecute civilians violates 18 U.S.C. § 1385. As such, there is no plausible reason a U.S. Army Judge Advocate should be prosecuting Mr. Ramirez in a Minnesota court.

As further legal support for this Motion, the defense attaches and incorporates by reference an amicus brief submitted by eleven former military lawyers in another case in this district where Mr. Hakes-Rodriguez is the prosecutor. Said brief sets forth in greater depth why a JAG lawyer cannot be permitted to prosecute a civilian case.

Mr. Hakes-Rodriguez is, upon information and belief, currently serving as active-duty military legal counsel in the United States Army as a U.S. Army Judge Advocate. In this case, however, Mr. Hakes-Rodriguez is appearing as counsel for the United States of America against a civilian, in a civilian court proceeding in the District of Minnesota, as a "Special Assistant United States Attorney" or SAUSA.

Mr. Ramirez is accused of violating 18 U.S.C. § 111, for "assaulting, resisting, or impeding" a Customs and Border Patrol employee. These charges have nothing to do with the United States Army. Customs and Border Patrol employees are not part of any military branch. Therefore, the Department of Defense ("DoD") does not have jurisdiction here. And the Department of Defense understands that it cannot prosecute cases for which it lacks jurisdiction, as the above-cited DoD Instructions make clear.

Moreover, an active-duty military lawyer prosecuting a case on behalf of the United States of America against a civilian is not merely engaged in a passive, indirect role in civilian law enforcement efforts. Mr. Hakes-Rodriguez is not providing advice or recommendations to local civilian law enforcement officers. Mr. Hakes-Rodriguez is not delivering military material, equipment, or supplies. Mr. Hakes-Rodriguez is not training local law enforcement officials on the proper use and care of any such military material, equipment, or supplies. Mr. Hakes-Rodriguez is not preparing contingency plans to be used if military intervention is so ordered. Mr. Hakes-Rodriguez is not engaged in activities like those exceptions delineated in the DoD Instructions. Mr. Hakes-Rodriguez is engaged in a direct, active use of military personnel against a civilian as the sole prosecutor advancing this case against Mr. Ramirez. The Constitution does not authorize this, and the Posse Comitatus Act forbids it. Mr. Hakes-Rodriguez is expressly prohibited from prosecuting United States civilians in civilian courts on behalf of the United States of America. His appearance should be stricken.

For the above-stated reasons, Mr. Hakes-Rodriguez's appearance in this case should be stricken and his further participation precluded.

Dated:  March 27, 2026

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
JORDAN S. KUSHNER
Attorney ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545
jskushner@gmail.com