UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-45 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| JOSE ROBERTO RAMIREZ , Defendant. | ) | |

Defendant Jose Roberto Ramirez, through undersigned counsel, hereby moves the Court pursuant to Federal Rule of Criminal Procedure 16(a), Brady, and Giglio and other applicable law, for an Order compelling the United States to disclose the following materials relevant to this case, and to provide the disclosure at least one week prior to the pretrial motions hearing:

1) All squad video and body worn camera video of agents Paul Rivera, Jeremiah Richards, and any other agents involved in the incident that have not been disclosed. The government has disclosed multiple videos from officers on the scene of the incident, but have not provided videos by the agents Rivera and Richards who directly participated in interacting with Mr. Ramirez and removing from his vehicle, and have made the allegations underlying this case. The agents indicated in recorded statements that they were wearing body camera videos. The government has stated that it is inquiring about

said videos but to date has not provided a definitive response. Said video are obviously relevant and required to be disclosed.

2) All documentation, photographs, data and other information accessed by agents regarding that Charly Pallo Moreno whom they were allegedly targeting when they instead kidnaped Mr. Ramirez. Reports disclosed by the government indicate that agents had a "targeting worksheet" for Moreno but have not provided that document or any other primary documents or records which would illuminate the circumstances regarding their purported belief that Mr. Ramirez was Mr. Moreno.

3) All data, records and information obtained regarding the white BMW that Mr. Ramirez was driving and agents decided to follow and stop. Reports disclosed by the government state that a license plate check was run for the vehicle which contributed to the agents' decision to conduct a stop, but no documentation resulting from the check is provided.

4) Criminal histories and personnel files for agents Rivera and Richards.

5) DHS/ICE training records for each agent involved in the stop and arrest of Mr. Ramirez.

6) Computer and cell phone browsing and search histories for each ICE/DHS agent from January 8 through the date of the Misdemeanor Information related in any way to the Defendant or this case, including all histories and search quires made on the Internet,

on any intranet sites available to the agents, and on any CIS, vehicle registration, driver information, or other State or Federal database, whether or not available to the public.

7) Any and all records of any informational database reviewed, relied on, consulted, or considered by any DHS/ICE officer, or any other law enforcement officer who participated in this matter.

8) Copies of all radio traffic, dispatch records, cell phone communications, and any other communications between or among DHS/ICE, and any other law enforcement personnel regarding this incident, whether such data is stored on a government or private device or other storage media.

9) All documents, communications, phone records, text messages, chats, emails, transmittals, and any other exchange of information between or among DHS, CBP, the U.S. Attorney's Office for the District of Minnesota, the Department of Justice, and any other law enforcement or prosecutive authorities regarding the potential or actual charging, declination, presentment, dismissal, recharging, or recharacterization of any criminal charges related to the Defendant.

10) Any and all photographs, text messages, emails, chats, or other cell phone data captured by or depicting any of the aforementioned law enforcement officers.

11) Any and all draft affidavits prepared in anticipation of the potential charging of this matter by felony Complaint.

12) All law enforcement training records or curricula for agents Rivera and Richards

13) All disciplinary files, Internal Affairs files, adverse findings regarding credibility or fitness, any other adverse performance assessments for the aforementioned agents Rivera or Richards.

Said disclosure must be provided before the pretrial motions hearing in order to enable the defense to prepare and sufficiently present their pretrial motions.

Dated: March 28, 2026

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

JORDAN S. KUSHNER
Attorney ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com