UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-45 (KMM/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE ROBERTO RAMIREZ,

Defendant.

**GOVERNMENT'S POST-HEARING MEMORANDUM IN OPPOSITION TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Robert G. Tucker III, Special Assistant United States Attorney, submits this response to Defendant Jose Roberto Ramirez's post hearing memorandum. ECF No. 54. Accordingly, the United States requests the Court deny the Defendant's motions.

## BACKGROUND

On April 22, 2026, the court held a motions hearing in this case where it heard argument over five motions filed by the defense and testimony regarding the motion to suppress. ECF No. 42. Both parties requested permission to file post-hearing briefing if necessary. On June 28, 2026, the defense filed a post hearing memorandum in support of the following three motions: a motion to

1

suppress, a motion to dismiss for outrageous government conduct, and a motion to disqualify government counsel. ECF No. 54.

## RESPONSE TO MOTION TO SUPRESS

In its post-hearing memorandum, the defense did not assert a new or novel argument in support of its motion to suppress. *Id*. For that reason, the United States incorporates by reference its response to the motion to suppress. ECF No. 38. The Defendant's motion to suppress should be denied because the investigatory stop was supported by reasonable suspicion, which ripened into probable cause, and Defendant's subsequent conduct independently established probable cause for his arrest, under 18 U.S.C. § 111.

## RESPONSE TO MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT

In its post-hearing memorandum, the defense did not assert a new or novel argument in support of its motion to dismiss. ECF No. 54. For that reason, the United States incorporates by reference its response to the motion to dismiss. ECF No. 36. The Defendant's motion to dismiss must be denied because the government's conduct reflects routine, lawful federal law enforcement activity, and Defendant did not establish the "narrow band of the most intolerable government conduct" required for dismissal.

## RESPONSE TO MOTION TO DISQUALIFY GOVERNMENT'S COUNSEL

The motion by the defense to disqualify government's counsel was filed on March 27, 2026. ECF No. 29. Many of the arguments in the Defendant's post-hearing memorandum in support of its motion to disqualify government's counsel stem from the original motion. Therefore, the government incorporates its response to the motion to disqualify government's counsel by reference. ECF No. 35. Regarding sections III(A)(3) and III(A)(6), the government rests on its initial response.

### A. Background

In *United States v. Johnson*, the Court issued an order denying a defense motion to disqualify government counsel. *United States v. Johnson*, No. 26-MJ-81 (KMM/SGE), 2026 WL 1194953, at *1 (D. Minn. May 1, 2026). The motion in that case was similar in both fact and argument to the present one. Additionally, the amicus brief filed in this case is the same one filed in *Johnson*. As such, the order issued in *Johnson* is instructive as it pertains to the use of judge advocates as SAUSAs being expressly authorized.

**B. The Appointment Of Judge Advocates As SAUSAs Is Expressly Authorized In Plain Language By Statutes and Regulations.**

The Supreme Court "has explained many times over many years that, when the meaning of the statute's terms is plain, our job is at an end." Bostock v. Clayton Cty, 140 S. Ct. 1731, 1749 (2020). "[W]hen the terms of a statute are unambiguous, judicial inquiry is complete." *United States v. Vig*, 167 F.3d 443, 448 (8th Cir. 1999). When "statutes are straightforward and clear, legislative history and policy arguments are at best interesting, at worst distracting and misleading, and in neither case authoritative." *Northern States Power Co. v. United States*, 73 F.3d 764, 766 (8th Cir. 1996). The statutes relevant to the Posse Comitatus Act (PCA) and this express-authorization exception operate in harmony and leave no room for ambiguity.

The PCA prohibits anyone from "willfully us[ing] any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws," "except in cases and under circumstances expressly authorized by the Constitution or Act of Congress." 18 U.S.C. § 1385. The ordinary meaning of such clearly intends for Acts of Congress to be capable of creating an exception to the PCA. With that in mind, the evaluation of an exception to the PCA then turns to Acts of Congress.

One such act is 28 U.S.C. § 543, which says, "The Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires." 28 U.S.C. § 543(a). By granting the authority to "appoint attorneys" without any type of qualifying language it is obvious Congress intended such breadth. This statute contains no restriction limiting appointments based on an attorney's military status. Nothing in its text even hints at an intent to preclude judge advocates from serving as Special Assistant United States Attorneys (SAUSAs).

28 U.S.C. § 543 is read in conjunction with 28 U.S.C.§ 515, which addresses the legal proceedings specially appointed attorneys can conduct. To be precise, 28 U.S.C. § 515 specifically states that attorneys specially appointed by the Attorney General may conduct "any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct…" The words "any kind of legal proceeding" are clear.

"A judge advocate who is assigned or detailed to perform the functions of a civil office in the Government of the United States … may perform such duties as may be requested by the agency concerned, including representation of the United States in civil and criminal cases." 10 U.S.C. § 806(e)(1). The text is clear. The statute plainly authorizes a judge advocate detailed to a civil office

to perform the duties of that office as requested. It even specifies that representation in criminal cases is included. Every judge advocate that has been or is on this case was detailed accordingly and was requested to perform the duties of a SAUSA by the agency concerned, the Department of Justice.

10 U.S.C. § 973(b)(2)(B) states that an officer of the armed forces "may hold or exercise the functions of a civil office in the Government of the United States…when assigned or detailed to that office or to perform those functions." Every single judge advocate that was or is on this case is an officer of the armed forces that was detailed to SAUSA office to perform the functions of that office.

Army Regulation 27-10 chapter 23-1 provides, "policies and procedures for prosecutions in U.S. District Court before either a district judge or a magistrate judge for violations of Federal law committed on Army installations or violations that involve Army interests or property." AR 27-10, para. 23-1(a). Defense's reliance on such is misplaced. As it clearly states, that paragraph only applies to matters in federal court occurring on Army property or involving an Army interest. It does not apply here, as the offense charged did not occur on an Army installation and did not involve Army interests or

6

property.[1] Further, it makes no effort to prohibit judge advocates from being detailed to the DOJ for other matters when separately authorized by statute.

Read together or separately, these statutes lead to one conclusion: Congress expressly authorized judge advocates to serve as SAUSAs and perform the duties of that office. The Attorney General is expressly authorized to appoint any attorney to be a SAUSA when the public interest requires. 28 U.S.C. § 543(a). Such an attorney can conduct any kind of legal proceeding that United States attorneys are authorized to conduct. 28 U.S.C. § 515(a). An officer of the armed forces that is detailed to a civil office is expressly authorized to perform the functions of that office. 10 U.S.C. § 973(b)(2)(B). A judge advocate detailed to a civil office is expressly authorized to perform the duties of that office as requested by the agency concerned including representation of the United States in criminal cases. 10 U.S.C. § 806(e)(1).

The judge advocates who have been, or continue to be, counsel in this case satisfy each prong of the analysis. Each judge advocate is an attorney. Each judge advocate is an officer in the armed forces. They were each appointed by the Attorney General to be a SAUSA and perform the duties of that office. They were detailed to a civil office and performed the duties of that

---

[1] *See* Dkt. 70 in *United States v. Johnson*, No. 26-MJ-81 (KMM/SGE), 2026 WL 1194953, (D. Minn. May 1, 2026)

office as requested by the Department of Justice. Accordingly, the use of judge advocates as SAUSAs does not violate the PCA. Because Congress expressly authorized each step of the appointment and service of judge advocates as SAUSAs, the PCA's exception applies by its own terms. This is precisely why the Court in *Johnson* concluded that use of judge advocates as SAUSAs on these cases was expressly authorized.

### C. Express Authorization Does Not Require Specific Reference.

The government and the court in *Johnson* agree with the defense that the Anti-Injunction Act and *Mitchum v. Foster* are instructive when evaluating what can qualify as an expressly authorized exception. However, the defense's interpretation is inconsistent with the very language it cites from *Mitchum* and the court's order in *Johnson*. Further, *Mitchum* states the opposite of what the defense claims it does. As such, the Court should deny the motion.

The defense has argued that for an exception to the PCA to exist it must be authorized explicitly, particularly, and with specificity. ECF No. 54 at 13, 14. The defense wants the Court to require that any exceptions specifically refer to the PCA and exactly what conduct is warranted under the exception, such as conducting prosecutions in civilian courts. ECF No. 54 at 19.

"[I]n order to qualify under the 'expressly authorized' exception of the anti-injunction statute, a federal law need not contain an express reference to

that statute." *Mitchum v. Foster*, 407 U.S. 225, 237. The court goes on to say, "a federal law need not expressly authorize an injunction of a state court proceeding in order to qualify as an exception." *Id*. In *Johnson*, the magistrate judge examined this very issue through the framework of *Mitchum* and recognized that a "legislature cannot derogate from its own authority or the authority of its successors." *United States v. Johnson*, No. 26-MJ-81 (KMM/SGE), 2026 WL 1194953, at *3 (D. Minn. May 1, 2026).

What these holdings make clear is that the Supreme Court has long determined that a federal statute does not have to expressly reference the underlying statute to create an exception. The federal statute also does not have to state what conduct is authorized by that exception. The defense's proposed interpretation would improperly require Congress to legislate in a manner the Supreme Court has never required and would effectively limit Congress's ability to create statutory exceptions except through specific cross-references. Accordingly, the Defendant's motion must be denied.

## D. Express Authorization Does Not Require Total Incompatibility.

The Defendant claims "for a statute to 'expressly authorize' the DOJ to use JAG officers to prosecute civilians in civilian court for purely civilian offenses the statute must 'on its face and in every one of its provisions . . . [be] totally incompatible' with the PCA." ECF No. 54 at 15. The defense bases this

conclusion upon its reading of *Mitchum*. *Id.* A complete reading of *Mitchum* demonstrates that the defense's interpretation is inconsistent with the Supreme Court's actual holding.

The line in the *Mitchum* decision that the defense cites in making this claim begins at the end of page 237. The complete sentence states, "This is not to say that in order to come within the exception an Act of Congress must, on its face and in every one of its provisions, be totally incompatible with the prohibition of the anti-injunction statute." *Mitchum v. Foster*, 407 U.S. 225, 237–38, 92 S. Ct. 2151, 2159–60, 32 L. Ed. 2d 705 (1972).

The defense relies on a sentence that begins with the words, "This is not to say." The Supreme Court was expressly rejecting—not adopting—the proposition that an Act of Congress must be 'totally incompatible' with the Anti-Injunction Act to qualify for the statutory exception. Rather than requiring a state of total incompatibility as the defense argues, the sentence specifically avoids establishing such a requirement. Similarly to the statutes in subsection A, it does so in plain language. Because *Mitchum* rejects the defense's proposed total incompatibility requirement, the question is whether Congress has otherwise expressly authorized the challenged conduct. As explained above, Congress did so through multiple statutes. Accordingly, the

10

appointment of judge advocates as SAUSAs falls within an exception to the PCA. It so follows that the defense's motion must be denied.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

The use of judge advocates as SAUSAs falls within the Posse Comitatus Act's exception for circumstances expressly authorized by Act of Congress. Congress authorized the Attorney General to appoint attorneys as SAUSAs, without excluding judge advocates from such appointments. Congress also expressly authorized judge advocates and other military officers detailed to civil offices to perform the duties of those offices, including representing the United States in criminal cases. Neither the applicable regulations nor the Army Regulation prohibits judge advocates from serving as SAUSAs or representing the United States in matters that do not involve an Army interest.

Because Congress expressly authorized the appointment and service of judge advocates as SAUSAs, and no statute or regulation prohibits that service, their participation in this case does not violate the Posse Comitatus

11

Act. Accordingly, the Defendant's motion to disqualify government counsel should be denied.

Dated: July 24, 2026                          Respectfully Submitted,

                                              DANIEL N. ROSEN
                                              United States Attorney

                                              *s/Robert G. Tucker III*

                                              BY: ROBERT G. TUCKER, III
                                              Special Assistant U.S. Attorney
                                              Bar # 24136128TX
                                              300 South 4th Street
                                              6th Floor
                                              Minneapolis, MN 55415
                                              202-230-4022
                                              Email: robert.tucker@usdoj.gov